# Southern Railway Co. v. Spragins.

*Action of Assumpsit.*

1. *Action upon a contract; what necessary to authorize plaintiff's recovery.*—In an action of assumpsit, in which the plaintiff seeks to recover for cross ties furnished to a railroad company under a special contract, where it is shown that said contract provided that the defendant was to pay for such ties as was inspected and accepted by it, and the evidence shows that the ties, for the delivery of which the plaintiff seeks to recover, were not accepted by the defendant, the plaintiff can not maintain his action, and the defendant is entitled to the general affirmative charge.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action brought by the appellee, T. J. Spragins, against the Southern Railway Company, and counted upon the common counts, to recover an amount alleged to be due for cross ties furnished by the plaintiff to the defendant under a contract. The provisions of the contract and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Among the other charges requested by the defendant, and to the court's refusal to give each of which the defendant separately excepted, was the general affirmative charge in favor of the defendant.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the general affirmative charge in favor of the plaintiff.

Gesner Williams, for appellant.

Abrahams & Woolf, contra.

TYSON, J.—The only change in the original contract claimed by plaintiff, was that of the consent by the defendant to substitute pin oak ties for those specified in the original. It is not contended that the provisions of the contract were modified or otherwise disturbed in any other respect. On the contrary it was conceded that it was not. One of the terms of that contract was, that the ties were to be inspected before acceptance by defendant and until accepted they were to be at the owner's (plaintiff's) risk. It is undisputedly shown by the evidence that defendant declined to inspect or accept the ties, the contract price of which is sought to be recovered in this action. The complaint contains only the common counts. A breach of the contract for refusing to inspect or accept the ties is not declared on. To support this action the plaintiff must prove such a delivery as will vest the property in the ties in the defendant, and it must be such a title to them in defendant as would entitle it to maintain trover for them against the plaintiff without offering to pay him for them.—2 Ency. Pl. & Pr., 1005, 1006 and note 1 on last page cited. It is too clear for argument that until acceptance by the defendant of the ties, by the express terms of the contract they were plaintiff's property. "The remedy for not accepting is on the agreement."—*Mixer v. Haworth*, 21 Pick. 207.

The affirmative charge requested by defendant should have been given.

Reversed and remanded.